[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11381
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-24643-KMM

SOURAYA FAAS,

Plaintiff - Appellant,

versus

HILLARY CLINTON,
DEMOCRATIC PARTY,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 12, 2018)

Before ROSENBAUM, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

Souraya Faas appeals the district court's order dismissing her pro se suit seeking declaratory relief against Hillary Clinton and the Democratic Party after she failed to comply with a pretrial order requiring the filing of a joint scheduling report within a prescribed deadline. We affirm the dismissal because the federal courts lack jurisdiction over Faas's claims.

Faas filed this action against Hillary Clinton and the Democratic National Party ("DNC") on November 4, 2016, identifying herself as a write-in candidate for President in the 2016 presidential election and seeking a declaratory judgment that Clinton "is disqualified from running for or from holding any office of the United States."

The district court entered a pretrial order on November 7, 2016, imposing pretrial deadlines and warning that failure to comply may result in dismissal, default, and the imposition of sanctions. And on January 25, 2017, the district court entered an order *sua sponte* dismissing Faas's suit for failure to comply with its November 7, 2016, pretrial order. The court dismissed the action without prejudice, denied all pending motions as moot, and directed the clerk of the court to close the case. The district court also stated that "the [p]arties may move to reopen this matter upon filing a joint scheduling report."

Faas moved for "rehearing" and for relief from the district court's order under Federal Rules of Civil Procedure 59 and 60. The district court denied Faas's

motion for rehearing and relief from orders and stated "[t]his case remains closed." Faas now appeals.

On appeal, Faas argues that she never received the district court's November pretrial order and that dismissal of her suit for failure to comply with that order was therefore a denial of her Fifth Amendment right to due process. Faas also urges that the district court abused its discretion in denying her motion for rehearing, filed pursuant to Rules 59 and 60, because (1) she did not receive notice from the clerk of the court that her case had been dismissed, (2) there would be no prejudice to the DNC if her motion were granted, and she exercised due diligence by promptly filing her motion when she learned of the district court's order dismissing her suit.

The DNC responds that we lack jurisdiction over this appeal for three reasons. First, the DNC asserts that the district court's order dismissing Faas's case was not final and appealable. Second, it contends that Faas's action is moot, or, alternatively, unripe. And third, the DNC contends that Faas lacked standing to file her complaint in the district court.

We must begin with the question of our jurisdiction, for a federal court is powerless to act without subject-matter jurisdiction. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005) (citation and quotation marks omitted).

3

Starting with the issue of mootness, we review that question de novo. *CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1268 (11th Cir. 2006). Our jurisdiction is limited to active cases and controversies. *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011). When an appeal does not present a case or controversy to which we can give meaningful relief, the appeal is moot and we lack jurisdiction. *Id.*

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Florida Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1216-17 (11th Cir. 2000) (quotation omitted). In considering whether a case is moot, we "look at the events at the present time, not at the time the complaint was filed or when the federal order on review was issued." *Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1254 (11th Cir. 2001). "When events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief, the case is moot and must be dismissed." *Fla. Ass'n of Rehab. Facilities*, 225 F.3d at 1217.

Similarly, Article III of the Constitution also limits the jurisdiction of the federal courts to claims that are ripe. *Beaulieu v. City of Alabaster*, 454 F.3d 1219, 1228 (11th Cir. 2006). The ripeness doctrine prevents the courts from "entangling themselves in abstract disagreements" by avoiding premature adjudication. *Coal.*

4

*for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1315 (11th Cir. 2000).

To determine whether a claim is ripe, we look to both (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding judicial review. *Harrell v. The Florida Bar*, 608 F.3d 1241, 1258 (11th Cir. 2010). Specifically, we must examine whether there is sufficient injury to meet Article III's case-or-controversy requirement, and if so, whether the claim is appropriately mature and the issues adequately defined and concrete to permit effective decision-making by the court. *Coal. for the Abolition of Marijuana Prohibition*, 219 F.3d at 1315.

Here, Faas's operative complaint seeking a declaratory judgment that Hillary Clinton is disqualified from holding federal office does not present an active case or controversy. It is at once moot and not ripe. That is because Clinton neither currently holds federal office nor is a candidate for any federal office. Accordingly, we dismiss the appeal for lack of jurisdiction.

**DISMISSED.**